**In re AIR CRASH NEAR EDGARTOWN, MASSACHUSETTS, ON OCTOBER 6, 2000**

**No. 1522.**

Judicial Panel on Multidistrict Litigation.

June 24, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the four actions in the District of Massachusetts and one action in the District of New Jersey as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant Midwest Air Traffic Control Services, Inc., for coordinated or consolidated pretrial proceedings of the actions in the District of Massachusetts. Plaintiffs in the four District of Massachusetts actions support the motion for transfer. Movant also asserts that the United States of America, which is a defendant in one action in each district, consents to transfer to the District of Massachusetts under Section 1407.

■ On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of a Mitsubishi aircraft on the night of October 6, 2000, near Vineyard Haven Airport. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the District of Massachusetts is an appropriate transferee forum for this docket. We note that i) four of the five federal court actions arising from the crash are pending in the District of Massachusetts, including two actions which were transferred there under 28 U.S.C. § 1404; ii) many witnesses and documents will likely be found in Massachusetts, given the situs of the crash; and iii) no party has opposed transfer to this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending in the District of New Jersey is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

*MDL–1522—In re Air Crash Near Edgartown, Massachusetts, on October 6, 2000*

*District of Massachusetts*

*Steven D. Yates, etc. v. Midwest Air Traffic Control Services, Inc.,* C.A. No. 1:02–11950

*Charles D. Yates, et al. v. United States of America, et al.,* C.A. No. 1:02–11951

*Charles D. Yates, et al. v. Mitsubishi Heavy Industries, Ltd., et al.,* C.A. No. 1:03–10259

*Steven D. Yates, etc. v. Mitsubishi Heavy Industries, Ltd., et al.,* C.A. No. 1:03–10310

*District of New Jersey*

*Susan Whipple, etc. v. United States of America,* C.A. No. 3:02–5946